# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00047-CR
NO. 03-12-00048-CR

**Johnny Ray Embers, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT NOS. 62717 & 68012, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2007, appellant Johnny Ray Embers, Jr. was charged with sexual assault of a child. He pled guilty under a plea bargain and was placed on deferred adjudication for ten years. In May 2011, he was charged with failure to register as a sex offender. Shortly after that indictment issued, the State filed a motion to adjudicate Embers's sexual-assault charge, alleging he had violated the terms of his community supervision by, among other things, possessing marihuana, failing to register as a sex offender, missing probation appointments, failing to pay court costs, fees, or restitution, and failing to serve a required jail term with work release. Without entering into a plea bargain, Embers pled true to the motion to adjudicate and pled guilty to failure to register. The trial court adjudicated his guilt for sexual assault and found him guilty of failing to register and gave him concurrent sentences of eighteen years for sexual assault and ten years for failure to register. Embers's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Embers's attorney sent Embers a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

Having reviewed the record and the procedures that were observed, we agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[1]

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: August 15, 2012

Do Not Publish

---

[1] No substitute counsel will be appointed. Should Embers wish to seek further review by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). A petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.

2